In re MARRIAGE OF SCOTT BRADEN et al.—(SCOTT BRADEN, Petitioner-Appellee, v. CYNTHIA SUE BRADEN, Respondent-Appellant—(ROBERT BRADEN et al., Appellees).)

Fifth District   No. 79-33

Opinion filed March 30, 1979.

---

[1] Mr. Presiding Justice George Moran, who was originally assigned to this case, did not participate in the decision.

Linda Corvallis Stewart, of Stewart and Stewart, of West Frankfort, for appellant.

Robert W. Lewis, of Benton, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On September 11, 1978, Scott Braden filed a petition for dissolution of his marriage to Cynthia Braden and asked that the custody of the parties' minor child, Mendi Sue, be awarded to him. Cynthia filed a response and counterclaim seeking to retain custody of Mendi, who was approximately three months old.

After a hearing, the trial court awarded custody of Mendi to her paternal grandparents, Robert and Betty Braden. Cynthia sought a stay of judgment pending appeal, which was denied by the trial court.

Recognizing that as a practical matter, the party who retained custody of Mendi during this appeal would be the party in whose custody Mendi would be likely to remain unless the appeal were decided with uncommon dispatch, we held oral arguments on Cynthia's motion for emergency stay on March 1, 1979, and established an expedited briefing schedule. We granted the requested stay, and directed the trial court to order Mendi returned to Cynthia's custody.

It is clear that the best interests of the child is the paramount consideration in determining who shall have custody of that child. (Ill. Rev. Stat. 1977, ch. 40, par. 602(a).) While we recognize that those interests may, in unusual circumstances, be served most effectively by placement with a custodian other than the child's natural parent, the law presumes that it is in the child's best interest to be raised by his natural parent absent a clear showing to the contrary. *Eaton v. Eaton* (1970), 50 Ill. App. 3d 306, 365 N.E.2d 647.

The evidence in this case discloses no "perfect" placement among the alternatives presented to the court. Both Scott and Cynthia have

demonstrated instances of erratic and immature behavior; however, it is uncontroverted that Cynthia has been diligent in attending to Mendi's needs and we do not believe that her nurture of the child can be characterized as substandard. In contrast, Scott has had minimal contact with the child, and has not willingly provided her with substantial support. The paternal grandfather did not see Mendi at all until these proceedings began, and the paternal grandmother visited her only twice, immediately after her birth. Under these facts, we hold that the trial court erred in awarding custody of Mendi Sue Braden to Robert and Betty Braden, and we further hold that it is in the best interests of the child that custody remain with her mother, Cynthia Braden, subject to reasonable visitation of Scott Braden to be fixed by the trial court.

Accordingly, the judgment of the circuit court of Franklin County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KUNCE and KASSERMAN, JJ., concur.